U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 26 2010

CHRIS R. JOHNSON, Clerk
By
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN JAMES SMITH                                              PLAINTIFF

v.                              Civil No. 10-5206

SHERIFF KEITH FERGUSON,
Benton County, Arkansas; and
DFC WINN, Benton County Sheriff's
Office                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

### Background

According to the allegations of the complaint, on September 11, 2010, Plaintiff was arrested for possession of drug paraphernalia with intent to manufacture. Plaintiff indicates he was driving his truck on a dirt road when he was stopped by a police officer. Once the officer learned Plaintiff's name, he placed Plaintiff in handcuffs. Plaintiff's cousin, William Junior, was also in the truck.

At that time, Plaintiff states he was asked where the lab was. According to Plaintiff, another officer put his hand into Plaintiff's pocket without asking if he had anything on him. A

-1-

capped syringe was found in Plaintiff's pocket. Plaintiff maintains the officer was cussing him and calling him by derogatory terms.

Plaintiff's truck was then searched but nothing incriminating was found in it. Plaintiff asked to be released because nothing had been found. Instead, he was placed in the back of a patrol car while a wrecker was summoned to tow his truck.

At this point, William Junior lead the officers to a lab that was one-half to three-quarters of a mile down the road to a spot in the woods. A large black trash bag was found and other items outside the bag were also located. The black bag was placed on the seat next to Plaintiff. After he learned there was a lab in the bag, Plaintiff asked for it to be moved because of the risk of exposure to the chemicals. His request was denied.

Plaintiff asserts he was never read his Miranda rights.[1] He also maintains he was charged with the possession of items he was not in possession of. He states nothing was found on his land, in his house, in his vehicle, or even in his general vicinity. As relief, Plaintiff asks for an award of damages for defamation of character, pain and suffering, wrongful imprisonment, endangering his life, and verbal abuse.

## Discussion

The Plaintiff is currently an inmate of the Benton County Detention Center. As noted above, pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his financial affidavit, Plaintiff indicates he has no assets, was self-employed prior to his incarceration, has not received any money since his incarceration from any source, and has no cash in any checking or savings account. The records from the Benton County Detention Center indicate it has no funds in the Plaintiff's name. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable under § 1983. First, any claim concerning the charges currently pending against Plaintiff in state court is not cognizable at this time. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id., at 486-87.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Id.

Second, in Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid*.
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody

of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

Id., at 145-46. Here, Plaintiff merely claims he is innocent of the charge. Plaintiff has stated no claim that his rights under the Due Process Clause have been violated.

Third, to the extent Plaintiff's claims are not barred by Heck, abstention is appropriate. "In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999). Abstention under Younger "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Id. (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff's claims stem from the fact that he was arrested, incarcerated, and charged with possession of drug paraphernalia with intent to manufacture. This charge is currently pending. The issues of whether probable cause existed for his arrest or if his vehicle was legally searched can be litigated in the state court criminal case. To allow Plaintiff's action to proceed at this point would require this Court to interfere in ongoing state criminal proceedings, and this Court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

Fourth, the Constitution does not require the giving of Miranda warnings. See e.g., Chavez v. Martinez, 538 U.S. 760 (2003). If statements obtained during custodial interrogation are not used against the party, there is no constitutional violation. Davis v. City of Charleston,

827 F.2d 317, 322 (8th Cir. 1987). "Moreover, violations of Miranda rights do not subject police officers to liability under § 1983." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1165 (10th Cir. 2003); see also Renda v. King, 347 F.3d 550, 552 (3rd Cir. 2003)(plaintiff may not base a § 1983 claim on the mere fact that she was subjected to custodial interrogation without having been provided her Miranda warnings); Cooper v. Dupnik, 963 F.2d 1220, 1243-44 (9th Cir. 1992)(A technical Miranda violation will not support a cause of action under § 1983).

Finally, "[v]erbal threats do not constitute a constitutional violation." Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); Martin, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). Cf. Burton v. Livingston, 791 F.2d 97, 100-101 (8th Cir. 1986)(a claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death").

## Conclusion

Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* be denied and Plaintiff's complaint be dismissed without prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of October 2010.

*/s/ Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE